IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re:<br>BRIDGET LEA BLACKWELDER<br>SSN: XXX-XX-0872<br>                               Debtor | ) ) ) ) ) | Case No. 09-32668<br><br>Chapter 13 |
| BRIDGET LEA BLACKWELDER<br>                             Plaintiff,<br>v.<br>COLLEGE FOUNDATION, INC.<br>                             Defendant. | ) ) ) ) ) ) ) ) ) | Adversary No. |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT PURSUANT TO §523(a)(8)**

Jurisdiction of this matter is conferred on the Court by 28 U.S.C. 1334.

This action is brought pursuant to 11 U.S.C. 523(a)(1) and 523(b).

    1. The Plaintiff, BRIDGET LEA BLACKWELDER, is the Debtor in the above entitled case under Chapter 7 of the Bankruptcy Code pending in this Court.

    2. The Defendant, COLLEGE FOUNDATION, INC., is a lender/servicer for a student loan for the Debtor.

    3. The Debtor filed a petition in Bankruptcy Court under Chapter 7 of the Bankruptcy Code in the Court on September 29, 2009 and scheduled the aforementioned debt totaling $6,934.59, account no. ending in 2001, for discharge in bankruptcy.

    4. The aforementioned debt is dischargeable in bankruptcy pursuant to 11 U.S.C. 523 (a)(8) and 523 (b) based on an undue hardship to the Debtor in that Social Security Administration determined the Debtor to be disabled on February 26, 2000. The Debtor is unable to generate the funds with which to pay her student loans.

    5. Specifically, under the standards set forth in *Bruner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2nd Cir. 1987),

        A.    The Debtor cannot maintain based on current income and expenses, a "minimal" standard of living for [her]self . . . if forced to repay the loans;

        B.    That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans because she is disabled as determined by the Social Security Administration; and

        C.    She has made a good faith effort to repay the loans.

    WHEREFORE, the Plaintiff prays that the debt to the Defendant be included in the discharge and that the Plaintiff Debtor further requests this Court to issue an order restraining the Defendant from pursuing any collection activity until the questions of the dischargeability of the debt to the defendant is determined by this Court.

    Respectfully submitted this 28th day of January, 2010.

GOURLEY & GRIFFIN, P.A.

s/Robert H. Gourley, Jr.
Robert H. Gourley, Jr., NC Bar #19034
Attorney for the Plaintiff
249 East Broad Street, P. O. Box 1023
Statesville, NC 28687
Telephone: (704) 872-5051
Fax: (704) 872-5449

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Bridget Lea Blackwelder | **DEFENDANTS** <br> College Foundation, Inc. <br> 2100 Yonkers Road <br> Raleigh, NC 27604 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Robert H. Gourley, Jr./Gourley & Griffin, P.A. <br> P.O. Box 1023 <br> Statesville, NC 28687       704-872-5051 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> x Debtor     ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin <br> x Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Dischargeability of Debt Pursuant to Section 523(a)(8)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- X 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Bridget Lea Blackwelder | Bankruptcy Case No. 09-32668 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>Whitley | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>1/28/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert H. Gourley, Jr. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.